UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20676-CR-MARTINEZ/AOR

UNITED STATES OF AMERICA,

v.

ROCKEY HATFIELD,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the undersigned by Order of Reference issued by the Honorable Jose E. Martinez, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 207]. The Order of Reference requires a Report and Recommendation as to the appropriateness of the Voucher submitted pursuant to the Criminal Justice Act ("CJA") (hereafter, "CJA Voucher") by counsel for Defendant Rockey Hatfield ("Defendant"). Id. Upon a thorough review of this matter, the undersigned respectfully recommends that the CJA Voucher be approved.

## PROCEDURAL BACKGROUND

In this case, eight defendants are charged in an Indictment consisting of eleven counts [D.E. 3]. The charges in the Indictment consist of: conspiracy to commit mail and wire fraud; mail fraud; and wire fraud. Id. The charges arise from an alleged scheme to sell interests to investors in patent units and stock shares based on provisional patent applications that had expired or been abandoned. Id.

The CJA voucher submitted by Defendant's Attorney David S. Markus ("Attorney Markus") requests compensation in the amount of $23,794.80, which consists of $23,616.40 in fees for 178.3 out-of-court hours, $158.40 in fees for 1.2 in-court hours, and $20.00 in travel

expenses.[1]

## APPLICABLE GUIDELINES

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Berger, 498 U.S. 233, 234 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section 630.20 of the Guidelines. The CJA Plan for the Southern District of Florida explicitly states that "[p]ayment of fees and expenses shall be made in accordance with the provisions of the [Guidelines]." The district court, as the body empowered to "fix" the compensation of CJA-appointed counsel, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. § 3006A(d)(5); United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

## DISCUSSION

The CJA Voucher reflects the following out-of-court hours by category:

| Category | Hours | Amount ($) |
|---|---|---|
| Interviews and Conferences | 4.2 | 560.80 |
| Obtaining and Reviewing Records | 163.8 | 21,648.00 |
| Legal Research and Brief Writing | 8.3 | 1,135.60 |
| Travel Time | 2.0 | 272.00 |
| **Total** | **178.3** | **23,616.40** |

In a letter addressed to the Court, Attorney Markus explained that his representation of Defendant spanned from October 10, 2017 through August 24, 2018, making this an extended representation. Attorney Markus further explains that this was a complex mail and wire fraud case involving patent law, fractional ownership of patents and securities law. Also, there was voluminous discovery, involving over 16,000 documents, including emails, agent reports,

---

[1] The hourly rates vary over time, at $132 and $140.

2

corporate records and financial spreadsheets, which required review. In addition, these materials required correlation to each of the 50 fraud victims. The undersigned has reviewed the time sheets submitted by Attorney Markus and finds these hours to be reasonable in light of the foregoing explanation.

## RECOMMENDATION

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Attorney Markus' CJA Voucher be approved in the amount of $23,794.80, which consists of $23,616.40 in fees for 178.3 out-of-court hours, $158.40 in fees for 1.2 in-court hours, and $20.00 in travel expenses. The undersigned further recommends approval of the excess over the statutory cap to provide fair compensation based on the extended/complex work required for effective CJA representation in this case.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 2nd day of November, 2018.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Jose E. Martinez
    Counsel of Record

3